UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICOLE MCMILLEN, | Case No. 2:14-cv-00780-APG-NJK |
| Plaintiff, | |
| v. | PRELIMINARY INJUNCTION |
| LAS VEGAS TOWNSHIP CONSTABLE'S OFFICE, a political subdivision of the State of Nevada; JOHN BONAVENTURA, Las Vegas Township Constable, personally and in his official capacity; DEPUTY CONSTABLE BRYAN CORNELL, personally and in his official capacity; and DEPUTY DOES 1-100, personally and in their official capacities, | |
| Defendants. | |

## I. BACKGROUND

Plaintiff Nicole McMillen was in the process of relocating to Las Vegas.[1] The Constable's Office apparently received a call-in complaint that Ms. McMillen had not registered her vehicle in Nevada as required by NRS § 482.385 (the "Fair Share Program"). (Dkt. #17-1 at 11:4-9.) After investigating the allegation, the Constable's Office sent a letter to Ms. McMillen stating that she had been issued a citation for violation of that statute. (Dkt. #9-3.) The letter informed Ms. McMillen that she could avoid having charges filed against her by, among other things, registering her car and paying "the required $100.00 fee to the Las Vegas Township Constable's Office in accordance with NRS 258.070.2."[2] (*Id.*) At the bottom of the letter, in bold

---

[1] It is unclear whether Ms. McMillen was still a resident of Utah or had completed her move to Las Vegas at the time of the events giving rise to this lawsuit. For purposes of this Preliminary Injunction, it is irrelevant.

[2] The notice refers to the wrong statutory section. The proper citation is to NRS § 258.070(3).

and all capital letters, Ms. McMillen was informed as follows: "**PER NRS 258.070.2, YOU ARE RESPONSIBLE FOR THE $100 FEE REGARDLESS OF JUDICIAL ADJUDICATION. AFTER 30 DAYS IF YOU FAIL TO PAY THE $100 FEE YOUR INFORMATION WILL BE FORWARDED TO COLLECTIONS.**" (*Id.*)

Ms. McMillen disputes the validity of the $100.00 Constable Fee. She faces the imminent threat of criminal prosecution and civil collection efforts because she refuses to pay. Because (1) the Constable Fee is charged regardless of whether NRS § 482.385 has been violated, (2) the Nevada statutes provide no ability to challenge that fee, and (3) it appears no court has jurisdiction to hear a challenge to the fee, NRS § 258.070(3) appears to violate Ms. McMillen's rights to due process. Therefore, I preliminarily enjoin the enforcement and collection of the $100.00 Constable Fee under NRS § 258.070(3).

## II.   ANALYSIS

Defendants argue that I should deny Ms. McMillen's request for injunctive relief and abstain from deciding this case based on *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine counsels federal courts to abstain from interfering with ongoing state court proceedings in certain circumstances.

> Before *Younger* abstention can be applied to dismiss a federal claim, three requirements must be met: (1) there must be ongoing state judicial proceedings, (2) the state judicial proceedings must implicate important state interests, and (3) the state judicial proceedings must afford the federal plaintiff an adequate opportunity to raise constitutional claims. . . . All three elements of *Younger* must be present in order for abstention to be appropriate.[3]

As discussed below, there are no ongoing state judicial proceedings which afford Ms. McMillen an adequate opportunity to raise her constitutional claims. Thus, the *Younger* abstention doctrine does not apply here.

---

[3] *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995) (internal quotation marks and citation omitted).

### A.     Preliminary Injunction

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008)). We evaluate these factors via a "sliding scale approach," such that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1131, 1135.[4]

The Supreme Court elaborated on courts' duties when considering injunctive relief:

> A preliminary injunction is an extraordinary remedy never awarded as of right. . . . In each case, the courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. . . . In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.[5]

These factors favor entry of an injunction in this case.

### 1.     Likelihood of Success on the Merits

McMillen has established a likelihood of success on her Section 1983 claim that NRS § 258.070(3) violates her right to procedural due process. "Constitutional principles protect against monetary injuries large and small."[6] In *Trimble*, the Ninth Circuit held that imposition of a $25.00 "processing fee" for a traffic ticket violated the defendant's Equal Protection rights because it was imposed on some defendants but not on others. *Id.* The court treated the $25.00 fee as part of the defendant's punishment because it was charged only if it was determined that she violated the law. 487 F.3d at 754, n. 2 (citing *United States v. Smith*, 818 F.2d 687, 690 (9th Cir.1987) ("A punitive measure designed to raise revenue is still a punitive measure.")). Here, Ms. McMillen is forced to pay the $100.00 Constable's Fee even if she did not violate any law.

---

[4] *Arc of Cal. v. Douglas*, -- F.3d --, 2014 WL 2922662 at *6 (9th Cir. June 30, 2014).

[5] *Winter*, 555 U.S. at 24 (internal quotation marks and citations omitted).

[6] *United States v. Trimble*, 487 F.3d 752, 753 (9th Cir. 2007).

While the requirements of "due process [are] flexible and call[] for such procedural protections as the particular situation demands,"[7] the "essential requirements of due process . . . are notice and an opportunity to respond" at a hearing of some sort.[8] "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."[10] The Supreme Court "has traditionally insisted that, whatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect."[11] The government violates procedural due process where it denies a hearing to defendants, even for traffic or parking infractions.[12]

Here, neither the statute nor the state court system offers any opportunity to challenge the Constable Fee, either before or after it is levied. Apparently, the Las Vegas Justice Court has jurisdiction over vehicle registration citations issued by the Constable's Office. (Dkt. #9-3.) However, the Chief Justice of the Peace for that court has instructed all Traffic Referees that the Justice Court has no jurisdiction over the Constable's Fee.

> Under this statute, the Constable's Office is allowed to charge and collect a fee of $100.00 with respect to violations of vehicle-registration requirements. This fee is to be "retained by the Constable as compensation," *regardless of the disposition of the underlying case in Justice Court.* Therefore, whenever you are sitting in Traffic Court or presiding over a bulk session or attorney session, please do not indicate to attorneys or defendants that the $100.00 Constable fee is "waived."
>
> Staff in the Traffic Division will also be advised that the $100.00 fee for the Constable's Office is separate and apart from the fines and fees imposed by the Las Vegas Justice Court.[13]

---

[7] *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

[8] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

[10] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted); see also *Villa-Anguiano v. Holder*, 727 F.3d 873, 881 (9th Cir. 2013).

[11] *Fuentes v. Shevin*, 407 U.S. 67, 82 (1972).

[12] *Stypmann v. City & County of San Francisco*, 557 F.2d 1338, 1343 (9th Cir. 1977).

[13] (Dkt. #17-2 at pp. 2–3 (emphasis added).)

Thus, the Justice Court will not hear a challenge to the Constable's Fee, and that fee must be paid even if the defendant is found not to have violated the Fair Share Program. Apparently, even if the Constable's Office issued citations to non-violators simply to generate revenue for itself, no mechanism exists to challenge that action. The fundamental requirement of procedural due process requires more. Ms. McMillen has demonstrated a likelihood of success on the merits of her Section 1983 claims for violations of procedural due process, thereby satisfying the first requirement for issuance of a preliminary injunction.

### 2. Irreparable Harm

Irreparable harm is established if the "remedies available at law, such as monetary damages, are inadequate to compensate for the injury."[14] "[A]n alleged constitutional infringement will often alone constitute irreparable harm."[15] Because Ms. McMillen has established that her constitutional rights are in jeopardy, she has proven that she is likely to suffer irreparable harm in the absence of injunctive relief. Moreover, if Ms. McMillen does not pay the Constable Fee, she faces criminal prosecution and a civil collection action. (Dkt. #9-3.) That threat, and the resulting stigma and negative credit ratings, constitute irreparable harm.

### 3. Balancing of the Equities

The harm to Ms. McMillen in enforcement of the Constable's Fee is the infringement of her constitutional right to due process. The only harm to the defendants from an improperly-

---

[14] *Herb Reed Enters., LLC v. Fl. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013).

[15] *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir. 1997) (citing *Associated General Contractors v. Coalition For Economic Equity*, 950 F.2d, 1401, 1412 (9th Cir.1991)); *see also Nat'l Solid Wastes Mgmt. Ass'n v. City of Dallas*, 903 F.Supp.2d 446, 470-471 (N.D.Tex. 2012) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable [harm] is necessary. . . . Additionally, irreparable harm may result if enforcement of an ordinance would yield fines and criminal penalties."); *Pure Wafer, Inc. v. City of Prescott*, CV-13-08236-PCT-JAT, 2014 WL 1515143 (D. Ariz. Apr. 17, 2014) ("If the Ordinance is enforced against Pure Wafer, Pure Wafer will be forced to choose between asserting its valid rights under the Agreement and facing fines and criminal prosecution for noncompliance with the Ordinance. Pure Wafer has shown that enforcement of the Ordinance will cause irreparable harm for which no amount of monetary damages can adequately compensate.").

entered injunction is the delay in collecting the $100.00 Constable's Fee. The balance of the equities tips sharply in favor of Ms. McMillen.

### 4. Public Interest

The public has an interest in ensuring that citizens are not fined without due process of law. Thus, the public interest favors issuance of this injunction.

### 5. Bond

Federal Rule of Civil Procedure 65(c) requires that Ms. McMillen provide "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Given that I am only restraining collection of the $100.00 Constable's Fee, a $100.00 bond is appropriate.

Based on the foregoing, Ms. McMillen has satisfied the standards for issuance of a preliminary injunction barring the Constable's Office from collecting the $100 Constable's Fee under NRS § 258.070(3).

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED:

The Las Vegas Township Constable's Office is preliminarily enjoined from collecting, attempting to collect, or taking any steps to enforce the $100.00 fee set forth in NRS § 258.070(3). The Las Vegas Township Constable's Office is also preliminarily enjoined from instituting or continuing any criminal, civil, administrative, or other legal action against Ms. McMillen to collect or enforce that $100.00 fee.

DATED THIS 8th day of July, 2014 *nunc pro tunc* to June 18, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE