UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICOLE MCMILLEN, | Case No. 2:14-cv-00780-APG-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING LEAVE TO AMEND AND DENYING MOTION TO DISMISS** |
| LAS VEGAS TOWNSHIP CONSTABLE'S OFFICE, a political subdivision of the State of Nevada; JOHN BONAVENTURA, Las Vegas Township Constable, personally and in his official capacity; DEPUTY CONSTABLE BRYAN CORNELL, personally and in his official capacity; and DEPUTY DOES 1-100, personally and in their official capacities, | (Dkt. ## 5, 29) |
| Defendants. | |

Plaintiff Nicole McMillen has moved for leave to file an amended complaint, which purports to be a class action complaint. (Dkt. #29.) "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations omitted). "The decision of whether to grant leave to amend . . . remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. . . . Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (internal citations omitted).

In their opposition to the motion (Dkt. #37), the defendants point to no prejudice they would suffer as a result of the proposed amended complaint. Rather, they contend, among other things, that the proposed pleading is defective because there is and can be no true class of plaintiffs for this purported class action, the complaint fails to join indispensable parties, and the claims are barred by judicial estoppel. These potential defenses can and should be addressed by a separate motion to dismiss, in which the defendants can more cogently argue their bases. Given that this case is in its infancy, I see no prejudice to defendants by allowing the amendment.

By granting leave to amend, I am not certifying this as a class action under Fed.R.Civ.P. 23. Rather, plaintiff must follow the appropriate procedures for certification. Nor am I commenting on the validity—or lack thereof—of the parties' claims and defenses. I simply find that justice requires that I grant leave to amend under Fed.R.Civ.P. 15(a)(2). The plaintiff is cautioned to review the caption of her proposed amended complaint before filing it, to ensure that it adequately reflects the proper parties and the intended action.

Finally, the amended complaint renders moot the defendants' pending motion to dismiss. (Dkt. #5.) Accordingly, that motion is denied without prejudice as moot. The defendants may re-assert those arguments and defenses in a new motion to dismiss the amended complaint (once it is filed), should the defendants believe that those arguments and defenses remain valid.

DATED THIS 24th day of July, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE