UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE MCMILLEN, | Case No. 2:14-cv-00780-APG-NJK |
| Plaintiff(s), | ORDER SANCTIONING ATTORNEY ROBERT POOL |
| vs. | |
| LAS VEGAS TOWNSHIP CONSTABLE'S OFFICE, et al., | |
| Defendant(s). | |

On August 5, 2014, the Court ordered Defendants' attorney, Robert Pool, to show cause in writing, no later than August 12, 2014, why he should not be sanctioned in a Court fine of up to $1,000 pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule IA 4-1. *See* Docket No. 46.[1] Mr. Pool did not file a timely, or any, response to the Court's order to show cause. The Court hereby **SANCTIONS** Mr. Pool as outlined below.

**I.    STANDARDS**

Parties and attorneys are required to follow Court orders. Rule 16(f) requires parties and attorneys to comply with pretrial orders and provides that a judge may order appropriate sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone,*

---

[1] References to "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is unintentional). Rule 16(f) "was designed not only to insure the expeditious and sound management of cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridan Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)).

The Court has broad discretion in fashioning the appropriate sanctions. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). The Court may impose any "just" sanctions under Rule 16(f). In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of similar misconduct. *Martin Family Trust*, 186 F.R.D. at 604.[2]

**II.   BACKGROUND**

On July 28, 2014, the Court ordered Mr. Pool to file, no later than August 4, 2014, a certification that he had read and comprehends Local Rules 26-4 and 26-1. *See* Docket No. 43 at 1. That order was necessitated by the filing of a proposed discovery plan that misstated the Local Rules. *See id.* at 1.[3] To date, Mr. Pool has never filed such a certification.[4] As a result, on August 5, 2014, the Court ordered Mr. Pool to show cause in writing, no later than August 12, 2014, why he should not be sanctioned up to $1,000 for violating the Court's order. Docket No. 46. The Court further advised Mr. Pool that "the failure to comply with this order may result in further sanctions, up to and including case-dispositive sanctions." *Id.* Despite that warning, Mr. Pool failed to file a response to the order to show cause.

---

[2] Similarly, the Local Rules make clear that the Court may "impose any and all appropriate sanctions" on attorneys who, without just cause, fail to comply with any order of the Court. Local Rule IA 4-1.

[3] In addition, the parties through their counsel also violated the Local Rules by failing to file a proposed discovery plan by the applicable deadline. *See* Docket No. 38.

[4] Plaintiff's counsel was also ordered to file a certification, and he did so on July 29, 2014. *See* Docket No. 44.

### III. ANALYSIS

Mr. Pool has now violated two Court orders. First, he violated the Court's order that he file a certification that he read and comprehends Local Rules 26-4 and 26-1. Docket No. 43. Second, he violated the Court's order that he show cause in writing why he should not be sanctioned for violating the aforementioned order. Docket No. 46. Mr. Pool has provided no justification of any sort for either shortcoming and, instead, has simply ignored the Court's orders despite the Court's warning that significant, case-dispositive sanctions could follow. In these circumstances, it is clear that sanctions should be imposed.

As an initial matter, the Court finds that the sanctions should be imposed on Mr. Pool individually and that his clients should bear no portion of any sanctions imposed. While the Court does not herein impose any sanctions on Defendants, Mr. Pool and his clients must be aware that sanctions for any future misconduct may be imposed on Mr. Pool, Defendants, or both jointly. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385, 1387 (9th Cir. 1988) ("There is certainly no merit to the contention that dismissal of [the party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." (Quoting *Link v. Wabash RR Co.*, 370 U.S. 626, 633-34 (1962)); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987). The Court hereby **CAUTIONS** Mr. Pool and Defendants that future violations of Court Orders, the Local Rules, or the Federal Rules of Civil Procedure by Mr. Pool and/or Defendants may result in significant sanctions, up to and including case-dispositive sanctions.

Having reviewed the record, the Court also **ORDERS** Mr. Pool to pay a Court fine in the amount of $500 for violating the Court's orders at Docket Nos. 43 and 46. Mr. Pool has failed to articulate any justification whatsoever for his misconduct, and the Court can only infer that he has willfully disobeyed the Court's orders. Moreover, he has done so despite the Court's warning that failure to comply may result in significant sanctions. The Court believes the $500 Court fine does not fully reflect the effect of counsel's misconduct on either the integrity of the Court's docket or the sanctity of Rule 16 and Local Rule IA 4-1. Nonetheless, in this instance, the Court finds that this sanction is sufficient to deter similar misconduct. As noted above, this sanction is personal to Mr. Pool. Mr. Pool shall make payment within ten days of the issuance of this order to the "Clerk, U.S. District Court." Mr. Pool shall further submit

proof of payment to the undersigned Judge's chambers within five days of payment.

In addition to the above, it appears that Mr. Pool would benefit from better familiarizing himself with the procedures for practicing in this Court. *See, e.g.*, *Dela Rosa v. Scottsdale Memorial Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998) ("we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court"). To that end, the Court may require counsel to educate themselves to ensure that future misconduct is avoided. *See, e.g.*, *Cabrera v. New Albertson's, Inc.*, 2013 U.S. Dist. Lexis 77610, *7 n.5 (D. Nev. July 19, 2013) (collecting cases). The Court hereby **ORDERS** Mr. Pool to read the Local Rules of Practice for the United States District Court for the District of Nevada in their entirety, and to submit a declaration stating that he has done so within ten days of the issuance of this order.

**The failure to comply with this order will result in an order to show cause why default judgment should not be entered against Defendants and may result in the commencement of contempt proceedings.**

IV. CONCLUSION

For the reasons discussed more fully above, the Court hereby (1) cautions Mr. Pool and Defendants that future misconduct may result in the imposition of significant sanctions, up to and including case-dispositive sanctions; (2) orders Mr. Pool to pay a Court fine of $500; and (3) orders Mr. Pool to read the Local Rules.

IT IS SO ORDERED.

DATED: August 14, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge