UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICOLE MCMILLEN,<br><br>                 Plaintiff,<br><br>v.<br><br>LAS VEGAS TOWNSHIP CONSTABLE'S OFFICE, CONSTABLE JOHN BONAVENTURA, and BRYAN CORNELL,<br><br>                 Defendants. | Case No. 2:14-CV-00780-APG-NJK<br><br>ORDER<br><br>(Dkt. #47, #56, #63) |

Plaintiff Nicole McMillen moves to certify a class of individuals who received a letter from Defendant Las Vegas Township Constable's Office requiring payment of a $100 fee. Defendants issued the fee request in connection with their enforcement of Nevada Revised Statutes § 258.070(3), referred to by the parties as Nevada's Fair Share Program. Section 258.070(3) permits a constable to issue a citation to an owner or driver of a vehicle that is not properly registered. The statute allows the constable to "charge and collect a fee of $100 from the person to whom the citation is issued, which may be retained by the constable as compensation." McMillen contends Defendants violated McMillen's and the proposed class members' due process rights by attempting to extract the $100 fee without any pre- or post-deprivation procedures. McMillen also contends § 258.070(3) is facially unconstitutional because it provides no procedures to challenge imposition of the $100 fee.

Defendants oppose class certification and move to dismiss McMillen's Amended Complaint on numerous grounds. Defendants primarily argue that McMillen's due process claim is moot because the $100 fee has been waived, her citation has been dismissed, and she has registered her vehicle in Nevada. Defendants also argue McMillen failed to name Clark County as a defendant as required by statute and failed to name all the other constable offices throughout the state, and their respective counties, as necessary and indispensable parties. Defendants also raise various other defenses to McMillen's Fourth and Fifth Amendment, negligent supervision

and training, malicious prosecution, and abuse of process claims. Finally, Defendants move to dissolve the preliminary injunction I previously entered in this case enjoining Defendants from enforcing the $100 fee against McMillen. Defendants argue that because McMillen's fee has been waived, the injunction is no longer necessary.

For the reasons set forth below, I deny class certification and dissolve the preliminary injunction. I also grant in part and deny in part Defendants' Motion to Dismiss, with leave to amend.

**I. Background**

McMillen's Amended Complaint alleges that in March 2014, Deputy Constable Cornell entered the guard-gated parking garage at McMillen's residence looking for vehicles with out-of-state license plates. (Dkt. #45 at 7.) Cornell observed out-of-state license plates on McMillen's car and placed a yellow card in her car window. (*Id.*) The yellow card advised that "A complaint has been filed with the Las Vegas Township Constable's Office that could result in a criminal charge being filed against you. Please contact the deputy below to resolve this issue." (*Id.* at 8-9.) McMillen contacted Deputy Cornell, and they agreed to meet in the lobby of an office building. (*Id.* at 9.) According to the Amended Complaint, when the parties met, Cornell did not advise McMillen what criminal charge was at issue, did not advise her of her *Miranda* rights, and began questioning her regarding her possible violation of Nevada's Fair Share Program. (*Id.* at 9.) McMillen advised Cornell she was on the phone with her attorney. (*Id.*) Cornell then spoke with the attorney, who terminated the interview. (*Id.*) Cornell advised McMillen he intended to issue her a citation. (*Id.*)

McMillen subsequently received a letter stating she had been issued a citation but that it would not be forwarded to the Las Vegas Justice Court for 30 days. (*Id.* at 10.) The letter advised that to avoid having charges filed, McMillen was required to pay a $100 fee to the Las Vegas Township Constable's Office "in accordance with NRS 258.070.2."[1] The letter also stated that if she did not register her vehicle within 30 days, the citation would be forwarded to Justice Court for prosecution. (*Id.*) At the bottom of the letter, the following was written in bold

---

[1] The correct statutory citation is Nevada Revised Statutes § 258.070(3).

1  capital letters: "PER NRS 258.070.2, YOU ARE RESPONSIBLE FOR THE $100 FEE
2  REGARDLESS OF JUDICIAL ADJUDICATION." (*Id.*)

3  Based on these allegations, McMillen filed this lawsuit under 42 U.S.C. § 1983 alleging
4  Defendants violated her Fourth and Fifth Amendment rights by searching the parking garage and
5  by interviewing her. (Dkt. #1.)  McMillen also alleged Defendants' attempt to collect the $100
6  fee without any pre- or post-deprivation procedures violated her due process rights. (*Id.*)
7  Additionally, McMillen alleged state law claims for negligent supervision and training,
8  malicious prosecution, and abuse of process based on these same facts. (*Id.*)  McMillen sought
9  declaratory, injunctive, compensatory, and punitive relief. (*Id.*)

10  I preliminarily enjoyed Defendants "from collecting, attempting to collect, or taking any
11  steps to enforce the $100 fee set forth in NRS § 258.070(3)." (Dkt. #36 at 6.)  I also enjoined the
12  Las Vegas Township Constable's Office "from instituting or continuing any criminal, civil,
13  administrative, or other legal action against Ms. McMillen to collect or enforce that $100 fee."
14  (*Id.*)

15  McMillen thereafter filed an Amended Complaint based on these same allegations and
16  seeks to pursue a class action on behalf of any person from whom Defendants have collected or
17  attempted to collect the $100 fee. (Dkt. #45.)  While McMillen's original Complaint challenged
18  only Defendants' means of enforcing the $100 fee, her Amended Complaint also challenges the
19  constitutionality of § 258.070(3) on its face. (*Id.*)  McMillen asserts the same causes of action
20  and requests for relief, but on a class-wide basis. (*Id.*)

21  McMillen now moves to certify the proposed class.  Defendants oppose certification and
22  move to dismiss McMillen's Amended Complaint.  Defendants also move to dissolve the
23  preliminary injunction.

24

25  **II. Motion to Dismiss (Dkt. #56)**

26  Defendants argue McMillen's due process claim is moot because Defendants waived the
27  fee, the citation was dismissed, and McMillen has registered her vehicle.  Defendants also argue
28  McMillen has both failed to name Clark County as a defendant as required by statute and failed

to name the other constables and their respective counties as necessary and indispensable parties. As to McMillen's Fourth Amendment claim, Defendants contend issuing a citation does not rise to the level of a seizure under the Constitution. They also contend that, regardless, Cornell had probable cause to issue the citation. Defendants also argue they are entitled to qualified, absolute, and discretionary immunity. Finally, Defendants argue McMillen fails to allege that the Constable's Office and Constable Bonaventura personally participated in the alleged violations.

### A. Mootness - Due Process

To establish her due process claim, McMillen must show: "(1) a property interest protected by the Constitution; (2) a deprivation of the interest by the government; and a (3) lack of required process." *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 974 (9th Cir. 2002). McMillen's due process claim is moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007) (quotation omitted); *see also U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (describing mootness as having a standing component through time, because the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)" (quotation omitted)).

There are exceptions to the mootness doctrine. First, I generally should not dismiss a case as moot "if the defendant voluntarily ceases the allegedly improper behavior in response to a suit, but is free to return to it at any time." *Outdoor Media Group, Inc.*, 506 F.3d at 900-01 (quotation omitted). However, "where there is no reasonable . . . expectation that the alleged violation will recur, and where interim relief or events have completely and irrevocably eradicated the effects of the alleged violation, the case is moot." *Am. Cargo Transport, Inc. v. United States*, 625 F.3d 1176, 1179 (9th Cir. 2010) (internal quotation marks and citation omitted). Second, if the underlying conduct is capable of repetition yet evading review, the case may not be moot. This exception applies "when (1) the challenged action is too short in duration to be fully litigated before cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Bernhardt v. Cnty. of*

*L.A.*, 279 F.3d 862, 871-72 (9th Cir. 2002) (quotation omitted).  If McMillen's due process claim is moot, and no exception to the mootness doctrine applies, I lack jurisdiction to consider it. *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009).

McMillen no longer has a legally cognizable interest in the outcome of her due process claim.  In her Opposition to Defendants' Motion to Dismiss and at the hearing, McMillen admitted Defendants have waived the $100 fee, her citation has been dismissed, and she registered her vehicle in Nevada.  McMillen never paid the fee, and thus Defendants never deprived McMillen of a property interest without due process.  Additionally, McMillen no longer faces threat of the fee, so her due process claim based on the threatened or attempted collection of the $100 fee and her related requests for declaratory and injunctive relief are moot. *See Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1167 (9th Cir. 2011).

McMillen argues that exceptions to mootness apply because Defendants voluntarily ceased enforcing the fee but could resume at any time, and the alleged due process violation is capable of repetition yet evading review.  Neither of these exceptions applies here.

As to voluntary cessation, McMillen admits Defendants waived her $100 fee, and she does not identify any basis to reasonably expect Defendants will re-impose the fee on her now that they have waived it.  Indeed, McMillen suggested at the hearing that any effort to do so may give rise to a judicial estoppel argument against Defendants.  Although Defendants presumably could resume enforcing the Fair Share Program against others, McMillen registered her vehicle and consequently she has no basis to reasonably expect Defendants will impose the fee on her in the future.

For similar reasons, McMillen's due process claim is not capable of repetition yet evading review.  McMillen registered her vehicle, and thus cannot be subjected to the $100 fee again.  Additionally, the alleged due process violations are not too short in duration to be fully litigated.  There are some individuals who actually paid the fee in response to receiving the letter from Defendants, and those individuals could challenge the statute's constitutionality and Defendants' means of enforcing it.

In sum, McMillen's due process claim is moot, and no exception to the mootness doctrine

- 5 -

applies.² I therefore grant Defendants' motion to dismiss McMillen's due process claim. For the same reasons, I also dismiss as moot McMillen's *Monell*³ and negligent supervision and training claims to the extent they are based on a due process injury.⁴

### B.  Naming Clark County as a Defendant

The parties dispute whether McMillen is required to name Clark County as a defendant in this action pursuant to Nevada Revised Statutes § 41.0337. That statute provides:

> 1. No tort action arising out of an act or omission within the scope of a person's public duties or employment may be brought against any present or former:
> . . .
> (b) Officer or employee of the State or of any political subdivision;
> . . .
> unless the State or appropriate political subdivision is named a party defendant under NRS 41.031.
>
> 2. No tort action may be brought against a person who is named as a defendant in the action solely because of an alleged act or omission relating to the public duties or employment of any present or former:
> . . .
> (b) Officer or employee of the State or of any political subdivision;
> . . .
> unless the State or appropriate political subdivision is named a party defendant under NRS 41.031.

On its face, the statute seems to compel naming "the appropriate political subdivision" as a defendant. The only authority cited by either party on the point suggests McMillen must name Clark County as a defendant, even if Clark County may be dismissed from the action later. *See Henderson v. Bonaventura*, 994 F. Supp. 2d 1106, 1111-12 (D. Nev. 2014). The statutory relationship between counties, townships, and township constables supports this conclusion. *See*

---

² An exception to mootness also applies if McMillen would "suffer collateral legal consequences" if I dismiss her claim as moot. *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 799 (9th Cir. 1999) (en banc). McMillen does not contend this exception applies, and I cannot identify any collateral legal consequences McMillen will suffer if her due process claims are dismissed as moot, given that the fee has been waived and the citation dismissed.

³ *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a municipality may be sued as a "person" under 42 U.S.C. § 1983 its "policy or custom" inflicts a constitutional injury).

⁴ Because McMillen's facial due process challenge to the statute is moot, I need not consider whether the other constable offices and their respective counties are necessary and indispensable parties in this action.

Nev. Rev. Stat §§ 257.010, 258.010-.065, 258.125(3)-(4), 258.190, 258.205. I therefore will grant McMillen leave to amend to add Clark County as a defendant. Failure to do so will result in dismissal.

### C. Fourth Amendment Claim

As clarified at the hearing on the motion, McMillen's Fourth Amendment claim is based on Cornell's entry into and search of the parking garage at McMillen's residence. Consequently, Defendants' argument that mere issuance of a citation does not implicate protectable Fourth Amendment rights has no application to McMillen's Fourth Amendment claim.

Defendants' arguments that they are entitled to qualified and absolute immunity because Cornell had probable cause and obtained the gate guard's permission to enter the garage are premature at the dismissal stage. In considering Defendants' motion to dismiss, I accept as true the Amended Complaint's factual allegations. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Those factual allegations do not support the conclusion that Cornell had probable cause. I will not consider the evidence Defendants offer in support of their alternative motion for summary judgment because it is offered via Defendants' counsel's affidavit. Instead of offering affidavits of the Defendants, counsel averred that "Defendants have verified that the facts and information as stated are true and correct, with the exception as to facts stated on information and belief, and as for such facts, said Defendants believe them to be true." (Dkt. #56 at 40.) Defense counsel is not (at least yet) a witness in this matter and lacks personal knowledge, and counsel's affidavit is not an appropriate means of putting evidence before the Court or of authenticating the documents attached to the Motion. *See Orr v. Bank of Am., NT& SA*, 285 F.3d 764, 773-74 (9th Cir. 2002).

However, the Amended Complaint does not contain adequate factual allegations that the Constable's Office and Constable Bonaventura personally participated in or otherwise caused any Fourth Amendment violation. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). McMillen alleges Cornell entered the guarded and gated parking garage "pursuant to a deliberate policy of the Constable's Office." (Dkt. #1 at 3.) However, it is unclear whether McMillen is referring to the policy relating to enforcing the Fair Share Program, or

- 7 -

1    whether McMillen is alleging the Constable's Office has a policy of entering guarded and gated
2    parking garages without probable cause and without a warrant. McMillen's *Monell* claim
3    appears to be based on Defendants' means of enforcing the Fair Share Program without
4    providing due process, rather than a policy or custom of improperly entering guarded and gated
5    parking garages. (*Id.* at 8-9.) I have already dismissed McMillen's *Monell* claim based on the
6    means of enforcing the Fair Share Program, and there are no factual allegations of a policy or
7    custom regarding searches. Consequently, I will grant Defendants' motion to dismiss
8    McMillen's Fourth Amendment claim, and the *Monell* claim to the extent it is based on a policy
9    or custom of engaging in warrantless searches without probable cause, against the Constable's
10   Office and Constable Bonaventura. However, I will grant McMillen leave to amend to allege
11   facts supporting such claims against these Defendants if she has a basis to do so. Otherwise,
12   McMillen should clarify that she is bringing her Fourth Amendment claim against Defendant
13   Cornell only.

### D. Fifth Amendment Claim

Defendants do not make any arguments specifically directed at McMillen's Fifth Amendment claim. Nevertheless, because I am granting McMillen leave to amend, I caution her to consider whether she has a basis to allege she was subjected to a custodial interrogation where she voluntarily met Cornell in the lobby of an office building and voluntarily terminated the encounter, and whether she has a Fifth Amendment claim even if a *Miranda* violation occurred. *See, e.g.*, *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003); *United States v. Crawford*, 372 F.3d 1048, 1059 (9th Cir. 2004). Additionally, she should clarify which Defendants she is bringing this claim against.

### E. State Law Claims

McMillen asserts state law claims for negligent supervision and training, malicious prosecution, and abuse of process. Defendants argue they are entitled to discretionary immunity in relation to these claims.[5] Defendants also argue a negligent supervision and training claim

---

[5] Defendants argue they are entitled to absolute immunity because Defendant Cornell had probable cause. But, as discussed previously, the allegations in the Amended Complaint do not support a finding that Cornell had probable cause, and no evidence is properly before me on

- 8 -

1  cannot be based on the actions of a single officer.

2  Pursuant to Nevada Revised Statutes § 41.032(2), no action may be brought against the
3  State of Nevada, a political subdivision, or an employee thereof that is "[b]ased upon the
4  exercise or performance or the failure to exercise or perform a discretionary function or duty on
5  the part of the state or any of its agencies or political subdivisions or of any officer, employee or
6  immune contractor of any of these, whether or not the discretion involved is abused." However,
7  acts taken in bad faith are not protected by discretionary immunity under Nevada law. *See*
8  *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991); *see also Davis v. City of Las Vegas*, 478
9  F.3d 1048, 1059-60 (9th Cir. 2007) (applying Nevada law).

10  With respect to her malicious prosecution claim, McMillan alleges Defendants acted with
11  malice. With respect to her abuse of process claim, McMillan similarly alleges Defendants acted
12  with an ulterior purpose and engaged in a willful act in the use of legal process not proper in the
13  regular course of a traffic citation proceeding. McMillen also alleges Defendants engaged in a
14  systematic "shakedown . . . under the pretext of enforcing Nevada's 'Fair Share Program.'" (Dkt.
15  #42 at 1-2.) Viewing the facts alleged and all reasonable inferences therefrom in the light most
16  favorable to McMillen, she has alleged Defendants acted in bad faith, and Defendants are not
17  entitled to discretionary immunity for these claims at this stage of the proceedings. However, the
18  procedural posture of this case has changed since McMillen filed the Amended Complaint, and
19  because I am granting McMillan leave to amend, she should update her factual allegations to
20  reflect the termination of the citation proceedings, as well as any other relevant factual
21  developments.

22  As for the negligent supervision and training claim, as discussed previously this claim is
23  moot to the extent it is based on a due process injury. At the hearing, McMillen suggested this
24  claim also could be based on a lack of training and supervision regarding lawful searches. As
25  currently pleaded, it is not clear that this is the basis of the negligent supervision and training
26  claim. Nor is it clear that McMillen alleged Defendants' training and supervision in relation to
27  searches was conducted in bad faith so as to overcome Defendants' assertion of discretionary
28

summary judgment.

- 9 -

immunity. In amending, McMillen should address these deficiencies if she intends to pursue a negligent supervision and training claim.

### III. Motion for Class Certification (Doc. #46)

I may certify a class under Federal Rule of Civil Procedure 23 only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to these requirements, McMillen must show she has satisfied at least one of the three conditions in Rule 23(b). The party seeking certification bears the burden of showing Rule 23's requirements are satisfied. *Conn. Ret. Plans & Trust Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011).

I deny McMillen's motion to certify the proposed class because McMillen's claims based on due process-type injuries are both moot and not capable of repetition yet evading review. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090-1091 (9th Cir. 2011). I also deny McMillen's motion to the extent it seeks to certify a class for any of her other claims. The Amended Complaint appears to assert class claims for all of McMillen's causes of action, but the proposed class definition speaks only to claims related to the letter sent by the Constable's Office seeking to collect the $100 fee. At the hearing, McMillen conceded her Fourth and Fifth Amendment claims are not amenable to class treatment because the specific facts related to the search of her parking garage and her encounter with Cornell would not be common to the class. Nor would a negligent supervision and training claim based on these same violations be common to the class. McMillen's malicious prosecution and abuse of process claims appear to suffer from similar defects regarding individualized inquiries. *See LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (noting malicious prosecution claim requires lack of probable cause and malice, and abuse of process requires "an ulterior purpose" and a "willful act in the use of the legal process not proper in the regular conduct of the proceeding" (quotation omitted)). McMillen has not met her burden of showing Rule 23's requirements are met as to these claims.

As discussed above, I will permit McMillen an opportunity to amend. In doing so, McMillen should be careful to delineate what claims she seeks to pursue on a class-wide basis and how those claims satisfy Rule 23's requirements.

**IV.  Motion to Dissolve Preliminary Injunction (Dkt. #63)**

My previous preliminary injunction was based on the likelihood that McMillen would succeed on her due process claim; when I entered the injunction, McMillen still faced the threat of the $100 fee. (Dkt. #36.)  That fee has now been waived, and McMillen's due process claim is moot.  These changed circumstances warrant dissolution of the preliminary injunction. *Alto v. Black*, 738 F.3d 1111, 1120 (9th Cir. 2013).  I therefore grant Defendants' motion to dissolve the preliminary injunction.  McMillen's cash deposit (Dkt. #28) for the injunction bond is exonerated.

**V.  Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Nicole McMillen's Motion for Class Certification (Dkt. #47) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants' NRCP 12 Motion to Dismiss, Alternative, FRCP 56 Summary Judgment (Dkt. #56) is hereby GRANTED in part and DENIED in part as more fully set forth in this Order.

IT IS FURTHER ORDERED that Defendants' Motion to Dissolve Preliminary Injunction (Dkt. #63) is hereby GRANTED.  The Preliminary Injunction (Dkt. #36) is hereby DISSOLVED.  McMillen's $100 cash deposit (Dkt. #28) for the injunction bond is exonerated, and the clerk of court is directed to release it to Ashcraft & Barr, LLP.

IT IS FURTHER ORDERED that Plaintiff Nicole McMillen must file an amended complaint on or before March 2, 2015.

DATED this 29th day of January, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE